[Tagged]

ORDERED in the Southern District of Florida on __01-31-11__.



_Raymond B. Ray_
Raymond B. Ray, Judge
United States Bankruptcy Court

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
### FT. LAUDERDALE DIVISION
### www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br><br>SEYMOUR GOLDMAN and DIANNE GOLDMAN,<br><br>    Debtors. | CASE NO.: 10-23698-RBR<br>CHAPTER 7 |
| FRANCIS MORRA and MEAH ROTHMAN TELL, P.A.,<br><br>    Plaintiffs,<br><br>v.<br><br>SEYMOUR GOLDMAN and DIANNE GOLDMAN,<br><br>    Defendants. | ADV. PRO. NO. 10-03541-RBR-A |

## ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON COUNT I OF THE COMPLAINT [D.E. 13]

THIS CAUSE came before the Court for hearing on January 4, 2011 at 9:30 a.m. on the Motion of Plaintiffs, Francis Morra and Meah Rothman Tell, P.A. ("Plaintiffs") for Summary Judgment on Count I of the Complaint (the "Motion") [D.E. 13] and the Debtor-Defendants' Response in Opposition (the "Response") [D.E. 33]. At the conclusion of the hearing, the Court

directed the parties to submit proposed orders. The Court has reviewed the case file, the Motion, the Response, the proposed orders, has considered the argument of the parties, and is fully advised in the premises.

## PROCEDURAL BACKGROUND

A Plaintiff, Francis Morra, filed a three (3) count complaint in the Circuit Court in and for the Seventeenth Judicial Circuit, Broward County, Florida, Case No. CACE 06-19089. Count III of his state court complaint alleged a claim for intentional infliction of emotional distress ("IIED"). After a jury trial, on May 1, 2009, the jury found in favor of the Plaintiff and against the Debtor-Defendants on the IIED claim and awarded the Plaintiff $25,000. Question 1.b. of the Jury Verdict under the IIED claim, asked:

> Whether SEYMOUR or DIANNE GOLDMAN acted with intent to cause severe emotional distress or with reckless disregard of the high probability of causing severe emotional distress to FRANCES MORRA?

[D.E. 13-1 at *5] The jury responded to this question by circling the word "Yes" beneath the question, but did not differentiate as to whether the conduct was intentional or whether the conduct was done with reckless disregard. The state court entered a Final Judgment of $25,000 in favor of the Plaintiff for the IIED claim.

The Debtors filed their Petition under Chapter 7 of the Bankruptcy Code on May 19, 2010. On August 26, 2010, the Plaintiffs, Francis Morra and Meah Rothman Tell, P.A., filed their Adversary Complaint objecting to the Debtors' discharge and dischargeability of the Final Judgment (the "Complaint") [D.E. 1]. The Complaint contains several counts, including Count I which seeks to except the state court Final Judgment for the IIED debt, from the Debtors' discharge pursuant to 11 U.S.C. § 523(a)(6).

The Plaintiffs claim the state court Final Judgment and Jury Verdict finding the Debtors liable for IIED resulted from the willful and malicious conduct of the Debtors. Therefore, under the principles of collateral estoppel, the Plaintiffs contend that they are entitled to a finding that the debt owed is non-dischargeable under section 523(a)(6). In response, the Debtors' contend that the Jury Verdict was not clear whether or not the act was intentional or was committed with

reckless disregard. Therefore, the Debtors argue, based on the case law interpreting section 523(a)(6), collateral estoppel does not apply because it is not clear whether the jury found the act to be intentional or to be merely reckless. The Debtors further argue that the Jury Verdict is not clear which Debtor, or both, engaged in the improper conduct.

For the reasons that follow, the Motion is denied without prejudice.

## CONCLUSIONS OF LAW

The parties do not dispute that collateral estoppel applies in bankruptcy proceedings and that Florida's principals of collateral estoppel apply in this case. Under Florida law, the elements of the state law claim that the plaintiffs seek to except from discharge via collateral estoppel must, *inter alia*, "closely mirror" the requirements of the applicable paragraphs of section 523(a). *See In re St. Laurent*, 991 F.2d 672, 676 (11th Cir. 1993). Intentional infliction of emotional distress, for which Debtors were found liable, requires a plaintiff to demonstrate several elements, including that "[t]he wrongdoer's conduct was intentional or reckless, that is, he intended his behavior when he knew or should have known that emotional distress would likely result." *Stewart v. Walker*, 5 So. 3d 746, 749 (Fla. 4th DCA 2009). To demonstrate the non-dischargeable nature of a debt pursuant to section 523(a)(6), the plaintiff must establish the debtor's conduct as both "willful and malicious." *Id.* "[D]ebts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)." *Kawaauhau v. Geiger*, 523 U.S. 57, 64 (1998).

In this case, the Jury Verdict is not clear as to whether the Debtors acted intentionally or with reckless disregard. Actions which only rise to the level of recklessness, but do not rise to the level of intentional, do not fall within the ambit of section 523(a)(6) and thus can be discharged in bankruptcy. *See id.* at 61-62 Accordingly, the Jury Verdict cannot be used to support the Plaintiffs' argument in favor of applying collateral estoppel. *See, e.g., Doughty v. Hill (In re Hill)*, 265 B.R. 270, 276 (Bankr. M.D. Fla. 2001) (denying summary judgment because reckless conduct could support a claim for intentional infliction of emotional distress under California law, and the jury verdict was not clear as to the jury's finding of reckless or intentional,

3

therefore collateral estoppel could not apply). Furthermore, the Jury Verdict is not clear which Debtor, or both, engaged in the improper conduct. It is possible that only one of the Debtors engaged in the conduct and the other Debtor did not, thereby allowing the debt to be discharged as to one Debtor, but not as to the second.

The Plaintiffs' cite to *Smith v. Cornelius (In re Cornelius)*, 405 B.R. 597 (Bankr. N.D. Ohio 2009), where the court applied collateral estoppel to bar relitigation of a jury verdict finding the debtor liable for civil assault and battery as well as IIED, in a section 523(a)(6) dischargability action. *Cornelius* however is distinguishable. Although *Cornelius* discussed intentional infliction of emotional distress, the opinion is not clear that the holding was directed toward the IIED count or the assault and battery counts. *See id.* at 603.

## CONCLUSION

In conclusion, the Florida standard for IIED is not identical to the "willful and malicious" standard set forth in section 523(a)(6). Because the jury could have found that the Plaintiffs acted with reckless disregard, the Jury Verdict cannot be used to support the Plaintiffs' contention that collateral estoppel applies in this case.

Based on the foregoing, the Motion [D.E. 13] is **DENIED** without prejudice.

###

Copies furnished to:

Robert F. Reynolds, Esq.
David Langley, Esq.

4